## JOSE MATEO FANFAN

*v.*

## FAJARDO SUGAR GROWERS ASSOCIATION.

---

San Juan, Law, No. 994.

IN THE MATTER OF PAYMENT OF COSTS BEFORE DISMISSAL.

Dismissal—*Forma Pauperis.*

    1. If a person suing *in forma pauperis* moves to dismiss his suit, he is subject to the payment of costs just as any other plaintiff. The exemption from costs applies to him while suing, not when asking dismissal of a suit.

Nonsuit—Costs.

    2. If the plaintiff asks a nonsuit in order to begin a suit *de novo*, the defendant must be put in the same position that he was, that is, his costs must be paid up to the granting of the nonsuit.

Opinion filed December 7, 1914.

---

*Messrs. Savage & Francis* for plaintiff.

*Mr. Louis Banigan* for defendant.

Fanfan v. Fajardo Sugar Growers Asso.

HAMILTON, Judge, delivered the following opinion:

Last week, the day before the case was set for trial, the plaintiff made a motion for an order of dismissal or nonsuit and made a tender of the clerk's costs. This motion was made to the court. I do not know what had happened prior thereto before the clerk. There is nothing before me about that, but at the time the defendant was in court and stated that he had his witnesses in town, brought from a distance, and my ruling was that a payment of costs fairly considered would mean the payment of all taxable costs, and not simply the costs in the clerk's office for subpœnaing witnesses, or whatever might be connected with witnesses. I did not intend that it would mean attorneys' fees or anything of that sort, but simply what are taxable costs. I directed the clerk to tax the costs in accordance with that holding. I understand they amounted to $82.50. I suggested to counsel for the plaintiff that if the amount was not correct, he should make a motion to have them retaxed. I take it that the matter comes before me now, however, not on any objection to the costs as taxed, but on general principles.

1. The matter of *forma pauperis* makes no difference one way or the other. The person who sues *in forma pauperis* is not now asking leave to sue; he is asking leave not to sue, to get out of his suit, and that statute does not apply one way or the other. It is just the same as if that was not in the case.

2. As to dismissal with costs, I think, as I stated last week, that § 192 of the Code of Civil Procedure applies. That, however, provides for the payment of costs, and the question under the statute is, What are the costs that we are concerned

Fanfan v. Fajardo Sugar Growers Asso.

with? The object of taking a nonsuit is that the plaintiff shall
have a right to begin over again. A fair construction of this is.
that, if a plaintiff has the right to begin over again, if the mat-
ter is to be begun *de novo,* the defendant should be in a *de novo*
position too, should be as he was before, that is to say, he
should not have been put to any payment of costs. If it had
been shown by a decision of a California court, for instance,—
which has not been done,—that the costs under the statute
meant only the costs of the plaintiff or the costs in the clerk's
office, I would not be able to follow it. The reason is that as.
to the payment of local costs the local statute applies, but the
costs in Federal courts are prescribed by the Revised Statutes,
and Federal courts have always reserved the right to define
what are costs, and do not follow the local statutes as to them.

I think I am construing the practice correctly when I say
that the costs must be those of both sides up to the time when
the motion is properly made, and the clerk has taxed them at
$82.50. If there is anything wrong with the amount, there
is another way of getting at it, but that does not come up this
morning. The plaintiff practically admits that he must pay the
costs, but he says that the taxation should be made at the time
when he first went to the clerk and stated that he wanted to dis-
miss his case and tendered his check. I am not able to pass
upon this because I do not know what happened before the
clerk. What happened before the court was that a motion was
made to the court, not to the clerk, to take a nonsuit, and a
certain tender was alleged, and at the time, as I understood it,
it was admitted that the tender did not embrace the costs of
the defendant at the time, and I held that it must cover the
costs of the defendant up to that time. The matter went over

to the next day so as to give the plaintiff an opportunity to pay the costs, and he did not do it. The situation was the same the next day as it was the day before, except, if the defendant had any witnesses, there was the expense of one day more. So it looks to me as if the situation had not changed except that the costs have probably been increased, and the order will be reaffirmed, dismissing the case or allowing the plaintiff to take a nonsuit upon payment of the costs as taxed. I am not saying whether the plaintiff can do anything about what has been taxed or not. That is not before me right now. The plaintiff is given ten days within which to pay the costs.